Dear Mr. Toan:
This letter is in response to the request from your department for an opinion asking whether the Missouri Division of Health should release to any member of the public information from reports that the division may have which identifies the number of abortions performed by particular hospitals.
Section 188.052, RSMo Supp. 1980, provides:
 1. An individual abortion report for each abortion performed or induced upon a woman shall be completed by her attending physician.
 2. An individual complication report for any post-abortion care performed upon a woman shall be completed by the physician providing such post-abortion care. This report shall include:
(1) The date of the abortion;
 (2) The name and address of the abortion facility or hospital where the abortion was performed;
 (3) The nature of the abortion complication diagnosed or treated.
 3. All abortion reports shall be signed by the attending physician, and submitted to the state division of health within forty-five days from the date of the abortion. All complication reports shall be signed by the physician providing the post-abortion care and submitted to the division of health within forty-five days from the date of the post-abortion care.
 4. A copy of the abortion report shall be made a part of the medical record of the patient of the facility or hospital in which the abortion was performed.
 5. The state division of health shall be responsible for collecting all abortion reports and complication reports and collating and evaluating all data gathered therefrom and shall annually publish a statistical report based on such data from abortions performed in the previous calendar year.
Section 188.055, RSMo Supp. 1980, provides:
 1. Every abortion facility, hospital, and physician shall be supplied with forms by the division of health for use in regards to the consents and reports required by sections 188.010 to 188.085. A purpose and function of such consents and reports shall be the preservation of maternal health and life by adding to the sum of medical knowledge through the compilation of relevant maternal health and life data and to monitor all abortions performed to assure that they are done only under and in accordance with the provisions of the law.
 2. All information obtained by physician, hospital, or abortion facility from a patient for the purpose of preparing reports to the division of health under sections 188.010 to 188.085 or reports received by the division of health shall be confidential and shall be used only for statistical purposes. Such records, however, may be inspected and health data acquired by local, state, or national public health officers. (Emphasis added)
In rendering an opinion, it is incumbent on this office to determine the legislative intent which a statute expresses. Subsection 1 of § 188.055 clearly states that one purpose of requiring that reports be sent to the Division of Health (§ 188.052) is "the preservation of maternal health and life by adding to the sum of medical knowledge through the compilation of relevant maternal health and life data . . . ." The legislature clearly and unambiguously restricted access to that information in subsection 2, when it stated, "reports received by the division of health shall be confidential and shall be used only for statistical purposes." In addition, § 188.070, RSMo 1978, makes it a misdemeanor for any person to fail to maintain the confidentiality of reports submitted to the division. The legislative intent, that the information received by the division remain confidential, is unequivocally stated.
Where the statutory language is without ambiguity, the terms used by the legislature are given their plain meaning; there is no need for further construction. Chrisman v.Terminal R. Ass'n. of St. Louis, 157 S.W.2d 230 (Mo.App. 1942). We are therefore of the opinion that the information received by the Division of Health is confidential and subject to inspection only by local, state or national public health officers. We further believe that § 188.055.2, by its own terms, limits the acquisition of the health data contained in the reports received by the Division of Health to local, state or national public health officers.
This conclusion is in accordance with the holding of the United States Supreme Court in Planned Parenthood ofCentral Missouri v. Danforth, 428 U.S. 52 (1976), in which that Court held constitutional a nearly identical statutory predecessor to our present § 188.055, saying:
 Recordkeeping of this kind, if not abused or overdone, can be useful to the State's interest in protecting the health of its female citizens, and may be a resource that is relevant to decisions involving medical experience and judgment. The added requirements for confidentiality, with the sole exception for public health officers, . . . assist and persuade us in our determination of the constitutional limits. 428 U.S. at 81. (Emphasis added)
Finally, in rendering this opinion, we are mindful of the existence of the physician-patient privilege as it is recognized in Missouri. We believe that a potentially serious dilution of that privilege could occur should the general public be given access to the information which physicians and others must submit pursuant to § 188.052. We further believe that in enacting § 188.055, the legislature was fully aware of the privilege and by its clear language intended to preserve the privilege inviolate.
Very truly yours,
 JOHN ASHCROFT Attorney General